cc: SOM
ORIGINAL

MICHAEL A. GLENN
Attorney at Law #6480
1188 Bishop Street Suite 3101
Honolulu, Hawaii 96813
(808) 523-3079

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 22 2009

at 12 o'clock and 30 min. PM.
SUE BEITIA, CLERK

Attorney for Plaintiffs
OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.
MICHAEL REX "RAGING BEAR" MOONEY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY, | ) Civil No. CV 09-00336 SOM BMK |
| Plaintiffs, | ) **COMPLAINT FOR DECLARATORY RELIEF AND FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; SUMMONS** |
| vs. | ) |
| ERIC H. HOLDER, JR., as U.S. Attorney General; MICHELE LEONHART, as Acting Administrator of the U.S. Drug Enforcement Administration; EDWARD H. KUBO, JR., as U.S. Attorney for the District of Hawaii, | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF AND FOR**

**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

Comes now Plaintiffs OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC. and MICHAEL REX "RAGING BEAR" MOONEY, by and

through their undersigned attorney, and hereby bring this action for declaratory, injunctive and other relief, and hereby allege and aver as follows:

## INTRODUCTION

The Plaintiffs are the OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC. (hereafter "The NAC"), an organized religious entity/church, and it's founder and President MICHAEL REX "RAGING BEAR" MOONEY (hereafter "Mr. Mooney").

The Plaintiffs are suing for an Order declaring their consumption, cultivation, possession and distribution of cannabis to be free from Federal penalty and for an order prohibiting the Defendants from seeking criminal sentences and/or criminal and civil sanctions and/or asset forfeiture under the Controlled Substances Act or any other provision of the U.S. Code.

## PARTIES

1. Plaintiff OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC. is, and at all times relevant and material herein was, a local State of Hawaii independent chapter of a national organized religion, the Native American Church. Members of The NAC consume, among other entheogenic substances, cannabis as a sacrament/eucharist in their religious ceremonies.

2. Plaintiff MICHAEL REX "RAGING BEAR" MOONEY is, and at all times relevant and material herein was, a resident of the County of Honolulu, State

of Hawaii. He is a fully authorized Spiritual Leader (commonly known as a *Medicine Man*) and the Founder, President and Medicine Custodian of The NAC.

3. Defendant ERIC H. HOLDER, JR. is Attorney General for the United States of America, sued in official capacity, in which capacity he is responsible for enforcement of the Controlled Substances Act.

4. Defendant MICHELE LEONHART is the Acting Administrator of the United States Drug Enforcement Administration, sued in official capacity, in which she is responsible for enforcing and administering the CSA and for promulgating regulations implementing the CSA.

5. Defendant EDWARD H. KUBO, JR., is the United States Attorney for the District of Hawaii, sued in official capacity, in which he is responsible for prosecutions under the CSA in this District.

6. All of the facts, allegations and averments contained herein occurred within the State of Hawaii.

**JURISDICTION**

7. This Court has jurisdiction pursuant to 28 USC § 1331 because the action arises under the laws and Constitution of the United States of America. Plaintiffs seek a determination under the standards of the Religious Freedom Restoration Act ("RFRA") 42 USC §§ 2000bb-2000bb(4), The Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 USC §2000cc(5) and the First and

Fourteenth Amendments to the US Constitution of the lawfulness and constitutionality of Defendants' interpretation of the Controlled Substances Act ("CSA") 21 USC § 801-971, and its implementing regulations as applied to Plaintiffs. This Court is authorized to grant declaratory relief by the Declaratory Judgment Act, 28 USC §§ 2201, 2202. This Court is authorized to grant preliminary and permanent relief under Federal Rule of Civil Procedure 65.

## VENUE

8. Venue is proper in this Court under 28 USC § 1391(e) and § 1402(a)(1) because all Defendants are officers and employees of the United States of America and its agencies and were at all relevant times acting in their official capacities and under color of legal authority and at least one Defendant officially resides in this District and the cause of action arose in this District and all Plaintiffs reside in this District.

## FACTUAL ASSERTIONS

9. The NAC is a State of Hawaii Nonprofit Corporation, and is authorized by the Oklevueha Earthwalks Native American Church of Utah, Inc.

10. Mr. Mooney is of Seminole Native American ancestry.

11. While Peyote is the significant sacrament for Plaintiffs, The NAC honors and embraces all entheogenic naturally occurring substances, including Ayahuasca, Cannabis (aka Rosa Maria), Iboga, Kava, Psilocybin, San Pedro,

Soma, Teonanacatyl, Tsi-Ahga, and many others.

12. The religious use of entheogens is known to exist from antiquity and stretches across the globe.

13. The purpose of Plaintiff's cannabis use in religious ceremonies is similar to the purpose of many other intensive religious practices - to enhance spiritual awareness or even to occasion direct experience of the divine.

14. The primary purpose of The NAC is to administer Sacramental Ceremonies pursuant to their Code of Ethics. In this regard, The NAC's use of cannabis is similar to practices such as meditation, intensive prayer, flagellation and fasting, which form a crucial part of many religious traditions.

15. Any risks to The NAC's members from their use of cannabis are relatively low and contained and any alleged risks of the use of this non-toxic herb are insufficiently compelling to prohibit The NAC from practicing its religion.

16. There are many religious practices, across numerous faiths, which are accepted and lawful and yet create some risk of harm for the individual practitioners while simultaneously these practices bestow spiritual benefits that those outside of the particular tradition might have trouble comprehending. The Plaintiff's religious use of cannabis is similar.

17. Plaintiff's consumption of cannabis is during religious ceremony and is an ordered, guided and calm process, led by those who are experienced, trained,

and titled within The NAC.

18. The NAC's supervision, and the ceremonial setting, minimize the risk that members might engage in any harmful behavior while under the influence of cannabis.

19. The dosage of cannabis is controlled by an experienced and responsible church member, and The NAC's religious strictures against drinking to excess and using harmful drugs and substances virtually eliminates the risks associated with polysubstance abuse.

20. The NAC's use of cannabis is embedded within a set of deeply rooted and sincere religious beliefs and traditions. This, along with the guidance of religious leaders, minimizes any psychological risks of consuming cannabis.

21. The NAC's ceremony and tradition help members derive religious benefit from the spiritual states of awareness they may experience while under the influence of cannabis.

22. The NAC's use of cannabis in religious ceremonies emphasizes the proper "set and setting" and make it much more likely that church member will experience something spiritual, rather than anxiety or disorientation.

23. The NAC's use of cannabis is somewhat similar to their controlled ritual use of peyote, and in the beneficial effects the use has on their members.

24. Peyote is used by the Plaintiffs, with the Defendant's full approval, by

all members of The NAC. Yet the Defendants insist that the US Government has a compelling interest in completely prohibiting cannabis use by Plaintiffs.

25. Unless the Defendants can show a significant and essential difference between The NAC's peyote use and its cannabis use, the Government's claim of a compelling interest to prohibit cannabis is defeated by their own treatment of peyote.

26. The Federal Government does not have a compelling interest in prohibiting a religious practice that entails a relatively low risk of harm.

27. Prohibiting consenting adults from incurring some risk of harm to themselves in the context of religious rituals or practices does not, in itself, serve a compelling governmental interest.

28. The Defendants consider the Plaintiffs to be criminals solely because of their religious/sacramental/ceremonial cannabis use.

29. The Plaintiffs consume, possess, cultivate and/or distribute cannabis as sanctioned and required by their legitimate religion and sincere religious beliefs, and as such, their free exercise of religion is protected by RFRA and the First Amendment of the U.S. Constitution.

30. As an essential and necessary component of the Plaintiffs' religion, The NAC members receive communion through cannabis in their religious ceremonies and daily worship. The NAC considers cannabis, in addition to peyote, to be

sacred or most holy.

31. One member of The NAC has already and recently had his cannabis seized from FedEx delivery by United States federal drug enforcement authorities in Hawaii.

32. The NAC's members rightfully and justifiably fear for their ability to continue to cultivate, consume, possess and distribute cannabis sacrament without the exceedingly significant burden placed upon their lives by being branded criminals mandated for Federal imprisonment and whose real property and assets can be seized civilly with no applicable legal defense.

33. The threat that Mr. Mooney and members of The NAC will be criminally prosecuted is exceedingly real, and any threat of criminal prosecution of American citizens for engaging in religious devotional practices and communion of sacrament during their law-abiding lives substantially burdens the practice of the Plaintiffs' religions within the meaning of RFRA/RLUIPA and the U.S. Constitution.

**COUNT 1**

**Violation of the Religious Freedom Restoration Act**

34. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-33 of this Complaint.

35. Defendants' position that even the Plaintiffs' religious sacramental use

of cannabis is prohibited and punishable by imprisonment and asset forfeiture violates the rights of Plaintiffs' to freely exercise their legitimate religion absent a compelling state interest in violation of Plaintiff's statutory rights embodied in RFRA, 42 USC § 2000bb-1(a).

36. The Defendants lack any compelling interest to totally prohibit Plaintiffs' cannabis use and possession; and total prohibition (especially in an island State that registers and accepts therapeutic cannabis users) can never even approach the least restrictive means to achieve any alleged Federal compelling interest.

**COUNT 2**

**Violation of the American Indian Religious Freedom Act**

37. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-33 of this Complaint.

38. 42 USC § 1996 requires the policy of the United States be to protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise the traditional religions of the American Indian, Eskimo, Aleut, and Native Hawaiians, including but not limited to access to sites, use and possession of sacred objects, and the freedom to worship through ceremonials and traditional rites.

39. Defendants' interpretation and threatened application of the CSA against

legitimate cannabis sacrament religions for cannabis possession and cultivation and distribution violates The NAC's right to free exercise of religion and is in direct opposition to the American Indian Religious Freedom Act.

**COUNT 3**

**Violation of the Equal Protection Clause of the U.S. Constitution**

40. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-33 of this Complaint.

41. Defendants are currently prohibited from arresting the members of The NAC and Mr. Mooney for their cultivation, possession, use and distribution of the controlled substance Peyote.

42. Defendants are currently prohibited from arresting the members of the O Centro Espirita Beneficiente Uniao Do Vegetal (UDV-USA) religion for their importation, possession, use and distribution of large quantities of their entheogen (produced by the union of two rain-forrest vines), the powerfully hallucinogenic, DMT-infused compound Ayahoasca. (See Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal, 546 U.S. 418 (2006).

43. The Defendants' threatened prosecution of Plaintiffs for cannabis cultivation, possession, use and/or distribution, while allowing the consumption of other controlled substances, violates Plaintiffs' Constitutional Fifth and Fourteenth Amendment rights to equal protection under the law.

**COUNT 4**

**Violation of the First Amendment of the U.S. Constitution**

44. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-33 of this Complaint.

45. The Plaintiffs' right to free exercise of religion is being violated by the federal prohibition of cannabis for any and all religious use.

**COUNT 5**

**Declaratory Judgment**

46. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-25 of this Complaint.

47. Plaintiffs have suffered and will continue to suffer irreparable harm due to Defendants' challenged actions and practices averred to in this Complaint.

48. Plaintiffs have Constitutional and statutory rights to consume cannabis for their religious and even their therapeutic needs.

49. The Defendants' actions and statements have created and are creating well-founded fears that Defendants will attack Plaintiffs' persons, medicines, sacraments, health, freedoms, liberties, property, and free speech, thus trampling religious rights and perhaps even exacerbating serious medical conditions and constituting irreparable harm.

50. Defendants' interpretation of the CSA as forbidding the sacramental use

of cannabis by Plaintiffs, as explained in the above counts, creates an actual controversy within the meaning of 28 USC § 2201(a).

51. For these reasons, Plaintiffs are entitled to a declaratory judgment that all of the above described actions, conduct and threats of actions of Defendants involving Plaintiffs' cannabis were, are and will be unlawful and to such additional declaratory relief as described in Plaintiffs' Prayer for Relief.

## COUNT 6

## Injunctive Relief

52. Plaintiffs re-allege and incorporate by reference herein the allegations as set forth in paragraphs 1-33 of this Complaint.

53. The United States Attorney for the District of Hawaii will not return the cannabis that was seized from the Plaintiffs.

54. The Defendants must be prohibited from arresting, prosecuting, or seizing the sacraments, medicine and assets of the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A. Issue a Preliminary Injunction during the pendency of this action and a Permanent Injunction enjoining Defendants from arresting or prosecuting Plaintiffs, seizing their cannabis, forfeiting their property, or seeking civil or

administrative sanctions against them for their activities with respect to any of the following:

(1) The possession of sacramental cannabis for individual religious use;

(2) The possession of therapeutic cannabis for individual use in compliance with State of Hawaii Revised Statutes;

(3) The ability to obtain cannabis from other Native American Churches;

(4) The ability to obtain cannabis from any other source in compliance with State of Hawaii Revised Statutes;

(5) The ability of to cultivate and distribute cannabis to any person or entity in compliance with State of Hawaii Revised Statutes; and

(6) The cultivation of cannabis for therapeutic and religious needs;

B. Declare that enforcement of the CSA is unconstitutional to the extent that it purports to prevent Plaintiffs from possessing, obtaining, manufacturing, cultivating, processing, consuming, providing and/or distributing cannabis for Plaintiffs' personal religious use;

C. Award Plaintiffs' Attorney's reasonable fees and costs pursuant to RFRA and 5 USC § 504;

D. For such other and further relief, whether at law or equity, as the Court

deems just and proper under the circumstances.

Dated at Honolulu, Hawaii; July 21, 2009

MICHAEL A. GLENN, ESQ.
Attorney for Plaintiffs