MICHAEL A. GLENN
Attorney at Law #6480
1188 Bishop St. Suite 3101
Honolulu, Hawaii 96813
(808) 523-3079
maglenn@iLowCostLegal.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 28 2010
at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

Attorney for Plaintiffs
OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.
MICHAEL REX "RAGING BEAR" MOONEY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC H. HOLDER, JR., as U.S. Attorney General; MICHELE LEONHART, as Acting Administrator of the U.S. Drug Enforcement Administration; EDWARD H. KUBO, JR., as U.S. Attorney for the District of Hawaii,<br><br>Defendants. | Civil No. 09-00336 SOM BMK<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; CERTIFICATE OF SERVICE**<br><br><br><br><br>Hearing: February 22, 2010 @ 9:00<br><br>Honorable: Susan Oki Mollway<br><br>Trial Week: October 13, 2010 |

# MEMORANDUM IN OPPOSITION TO

# DEFENDANTS' MOTION TO DISMISS

Comes now Plaintiffs, by and through their undersigned attorney, and hereby present their Memorandum in Opposition to Defendants' Motion to Dismiss, filed herein on October 26, 2009, pursuant to Federal Rules of Civil Procedure Rule 6(c)(2) and LR 7.4, as follows:

1. **Defendants' arguments are without merit** – The Defendants' assertion that the Plaintiffs' claims are not justiciable, are not ripe and that the Mr. Mooney and the non-profit corporation lack standing are without merit and are not supported by the facts of this case nor relevant case law. Despite Defendants' counsels' argument that an administrative exemption must be applied for before this Honorable Court may hear this case, Defendants conveniently fail to mention the fact that zero administrative exemptions have ever been issued for Cannabis, and fail to mention that it is the Defendants' position that even industrial, non-psychoactive cannabis hemp is not legal and may never be utilized by America's citizens (unlike every other industrialized nation). (see *David Monson v. Drug Enforcement Agency*, 07-3837, US Court of Appeals, 8th Circuit, December 22, 2009).

Because the Defendants have not informed Plaintiffs nor this Court of any change in the Drug Enforcement Administration's position on its treatment of Cannabis under the Controlled Substances Act, Plaintiffs should not be required to pursue a futile course of action. In any event, even if the Defendants posit that they may be inclined to grant an exemption to Plaintiffs (if only they had asked), the Defendants' continued refusal to return the Church's sacramental Cannabis and their tactic of fighting the Plaintiffs' right to even try to seek judicial relief by demanding dismissal of this case discredit that position.

Plaintiffs consume Cannabis for religious rite. Per the Affidavit of Michael Rex "Raging Bear" Mooney, filed concurrently herewith, Plaintiffs have recently had their Cannabis seized by US federal drug enforcement authorities, and the Defendants have refused to return, and still will not return, the seized Cannabis to Plaintiffs absent a court order.

As of today, Defendants wholly refuse to allow the Plaintiffs to possess any Cannabis whatsoever, for zero purposes whatsoever, be it religious or even Hawaii State-licensed therapeutic use. Not only is the Plaintiffs' actual religious use of the Cannabis sacrament being wholly

prevented by virtue of its seizure from Plaintiffs and by the acts and policies of Defendants, Plaintiff Mooney and the members of the NAC rightfully live in fear of arrest, imprisonment and future seizures of their sacramental Cannabis. The chilling effect of having the basis of one's religion be treated by Defendants as the most-toxic, criminally controlled substances, is immeasurable. Of particular note is Defendants' insistence on the continued use of the derogatory and racist term "*Marijuana*" rather than the proper, non-offensive "Cannabis." Also, Plaintiffs in this case are concerned with an apparent lack of knowledge and/or respect for the historic institution that is the Native American Church. Because the main and primary purpose of the NAC is to administer Sacramental Ceremonies (pursuant to their Code of Ethics), the attempt by Defendants to argue that the Church would not be burdened by wholly prohibiting the Church's sacrament and branding all members as criminals is unsettling to say the least.

Any attempt by Defendants to argue that the Plaintiffs in this instant case have no standing, have no justiciable claims, have no ripe claims or can not sue as a Church is simply inapposite to the facts of the thoroughly litigated *O Centro Espirita Beneficiente Uniao Do Vegetal,* 546 U.S. 418

(2006), and *Church of the Holy Light of the Queen*, 615 F.Supp.2d 1210 (D.Or 2009) cases. In fact, rather than the very potent hallucinogenic tea being imported from foreign countries in the aforementioned cases, Plaintiffs in this case are merely seeking to use the historically traditional and very common herb Cannabis, and moreover, use it pursuant to the current federally legislated policy of this country to protect and preserve Mr. Mooney's right as an American Indian to freely exercise his traditional ceremonial practices.

2. **Defendants misrepresent and thoroughly disrespect Plaintiffs' religion** -- Despite the "spin" put on this case by Defendants' assertion that Mr. Mooney and his Church are seeking unconditional immunity to traffic "marijuana," Plaintiffs merely seek the same protections for their traditional, sacramental use and possession of Cannabis as they currently have in place against Defendants for their traditional, sacramental use and possession of Peyote. Plaintiffs have already indicated to the Defendants that they are more than willing to agree to reasonable regulations, restrictions, terms, conditions and/or controls that the Defendants might reasonably request to address any effects or other negative issues the

Defendants are likely to espouse concerning the Plaintiffs' right to possess and consume Cannabis.

3. **Jurisdiction** -- Jurisdiction is indeed proper pursuant to 28 USC §1331 because the action arises under the laws and Constitution of the United States of America. Furthermore, this Court is indeed authorized to grant declaratory relief by the Declaratory Judgment Act, 28 USC §§2201, 2202. This Court is likewise clearly authorized to grant preliminary and permanent relief under Federal Rule of Civil Procedure 65.

DATED: Honolulu, Hawaii; January 28, 2010

_____
MICHAEL A. GLENN, ESQ.
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC H. HOLDER, JR., as U.S. Attorney General; MICHELE LEONHART, as Acting Administrator of the U.S. Drug Enforcement Administration; EDWARD H. KUBO, JR., as U.S. Attorney for the District of Hawaii,<br><br>Defendants. | Civil No. 09-00336 SOM BMK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date he delivered by US Mail a filed copy of this Memorandum in Opposition to Defendants' Motion to Dismiss to the Defendants at:

| | |
|---|---|
| James C. Luh, Trial Attorney<br>United States Department of Justice<br>20 Massachusetts Ave. NW<br>Washington, DC  20530 | Derrick K. Watson, A.U.S.A.<br>300 Ala Moana Blvd. 6-100<br>Honolulu, Hawaii 96850 |

DATED:  Honolulu, Hawaii, January 28, 2010

_____
MICHAEL A. GLENN
Attorney for Plaintiffs