TONY WEST
Assistant Attorney General
FLORENCE T. NAKAKUNI (No. 2286)
United States Attorney
DERRICK K. WATSON (Cal. Bar No. 154427)
Assistant United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
JAMES C. LUH (N.Y. Bar)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC., MICHAEL REX "RAGING BEAR" MOONEY, | No. CV 09-00336 SOM-BMK **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; CERTIFICATE OF SERVICE** |
| Plaintiffs | Hearing: February 22, 2010, 9:00 a.m. |
| v. | Judge: Hon. Susan Oki Mollway |
| ERIC H. HOLDER, JR., U.S. Attorney General; | Trial: October 13, 2010, 9:00 a.m. |
| MICHELE LEONHART, Acting Administrator, U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | Related document: dkt. no. 12 |

Defendants )
)

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## PRELIMINARY STATEMENT

The Church and Mooney's complaint remains legally deficient even when it is considered together with the plaintiffs' opposition to the Government's motion to dismiss, Mem. in Opp'n to Defs.' Mot. to Dismiss (dkt. no. 19), and the accompanying affidavit, Aff. of Michael Rex "Raging Bear" Mooney in Opp'n to Defs.' Mot. to Dismiss (dkt. no. 20).  The Church and Mooney have still failed to adequately allege subject matter jurisdiction or state any claim for relief.  The Church and Mooney still have not alleged facts suggesting a genuine threat of imminent prosecution, so they fail to meet the jurisdictional requirement of ripeness and cannot seek an injunction granting them advance blanket immunity from future federal drug enforcement action.  In addition, the Church still lacks standing to assert claims based on the religious rights of its members.  And the Church and Mooney still have not alleged that federal drug regulation interferes with their religious exercise in a way that would amount to a "substantial[] burden" under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4, or that would violate any other provision of federal law.  The Government's motion to dismiss should be granted.

## **ARGUMENT**

I.   **The Church and Mooney's complaint fails to establish subject matter jurisdiction even when augmented by the new assertions contained in the plaintiffs' opposition and in Mooney's affidavit.**

    A.   **The new assertions made in Mooney's affidavit do not render the plaintiffs' claims ripe and do not affect the Church's lack of standing to bring claims based on the rights of Church members.**

The Church and Mooney's complaint still fails to assert any ripe claims even when considered together with the new assertions made in the affidavit by plaintiff Mooney submitted with the plaintiffs' opposition.

Mooney's affidavit provides additional details about an alleged marijuana seizure described in the Church and Mooney's complaint.  The complaint alleged that "[o]ne member of The NAC . . . had his cannabis seized from FedEx delivery by United States federal drug enforcement authorities in Hawaii."  Compl. for Declaratory Relief and for Prelim. and Permanent Injunctive Relief ¶ 31 (dkt. no. 1).  Mooney's affidavit now states that the FedEx delivery described in the complaint was addressed to Mooney himself, and not some other member of the Church, and was seized by federal authorities "at some point prior to its delivery" to Mooney.  Mooney Aff. ¶¶ 9–10.  The affidavit does not specify whether the material was intended for religious uses or for other uses, such as the "therapeutic" uses mentioned in the complaint, Compl. at 12–14.

These changes to the Church and Mooney's allegations do not render either Mooney's claims or the Church's claims ripe.  The seizure of a FedEx package

addressed to Mooney before it ever entered Mooney's possession would still be insufficient to establish a "genuine threat of imminent prosecution" that could satisfy the test that the en banc Ninth Circuit set out in Thomas v. Anchorage Equal Rights Commission, 220 F.3d 1134 (9th Cir. 2000) (en banc).  Id. at 1139 (quoting Stoianoff v. Montana, 695 F.2d 1214, 1223 (9th Cir. 1983)).  Thomas and related cases demand that a plaintiff demonstrate a threat of future prosecution with a "high degree of immediacy" before a plaintiff can seek declaratory or injunctive relief against the Government's enforcement of a law.  San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1127 (9th Cir. 1996).  A "general threat of prosecution," id. at 1127, or a "possibility of . . . eventual prosecution," id. at 1128, is not enough, even when the plaintiff has been the subject of law enforcement efforts in the past.  For example, in Sacks v. Office of Foreign Assets Control, 466 F.3d 764 (9th Cir. 2006), the Ninth Circuit found that a plaintiff challenging restrictions on bringing medical supplies to Iraq failed to establish a genuine threat of imminent prosecution even though the Government had previously assessed penalties against him for violation of restrictions on travel to Iraq and the Government had expressly stated that it "reserve[d] the right" to take additional action against him.  Id. at 774.  The Court noted that the actions the Government had taken against the plaintiff in the past were for violations of the travel restrictions, not the medical-supply restrictions, and found that those past

4

actions did not support a conclusion that the plaintiff was likely to face future prosecution under the medical-supply restrictions.  See id. at 773–74.  Likewise, in this case, the alleged seizure of one package addressed to Mooney, before Mooney ever took possession of the package, does not suggest that the Government is likely to make similar seizures from Mooney in the immediate future or is likely to pursue any other future law enforcement action against Mooney or the Church. See City of Los Angeles v. Lyons, 461 U.S. 95, 105–06 (1983) (finding that a plaintiff who alleged that police had used an illegal chokehold on him could not seek an injunction against the future use of such chokeholds because he did not allege facts suggesting that police were likely to use such a chokehold on him in the future).  Moreover, as the defendants noted in their initial memorandum, the plaintiffs have not specifically alleged that the material seized was solely, or even partly, for personal use in genuine religious practices, as opposed to "therapeutic" or other uses.

The possibility of a dispute over the allegedly seized marijuana itself also does not establish a ripe controversy in this action.  The Church and Mooney's complaint in this action does not seek possession of the allegedly seized marijuana; rather, the only relief the plaintiffs are seeking in this action is a Court order that would grant them advance immunity from future federal drug enforcement action.

See Compl. at 12–14 (Prayer for Relief).[1]  An immunity order of the kind that the plaintiffs are seeking would not remedy any deprivation they have suffered from the alleged seizure of marijuana.  The alleged seizure of marijuana therefore cannot support standing to seek an immunity order, because to establish standing a plaintiff must establish that the requested relief will redress the particular injury that is the basis for his standing.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998) (stating that a plaintiff must show "a likelihood that the requested relief will redress the alleged injury"); see also Lyons, 461 U.S. at 105–06 (finding that even though the plaintiff might have standing to seek damages for a past incident in which police applied an illegal chokehold on him, he lacked standing to seek an injunction against future application of an illegal chokehold); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 351–52 (2006) (explaining that a plaintiff must make a showing of standing and ripeness specific to the "particular claims asserted" (quoting Allen v. Wright, 468 U.S. 737, 752 (1984))).

---

[1] Plaintiff Mooney's affidavit includes a request that the Court issue an order requiring the return of the allegedly seized marijuana.  See Mooney Aff. ¶ 13. However, the plaintiffs' complaint does not contain any such request for relief, and such a request cannot be made in an affidavit submitted in opposition to a motion to dismiss.  See Loc. R. 7.6 ("Affidavits and declarations shall contain only facts, shall conform to the requirements of Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746, and shall avoid conclusions and argument." (emphasis added)); see also Fed. R. Crim. P. 41(g) (establishing a procedure for recovery of seized property).

Finally, the additional allegations contained in the Mooney affidavit do not undermine the defendants' argument that the Church lacks standing to assert claims based on the religious rights of individual members of the Church.  Even assuming that the Church and Mooney could prove these additional allegations, the Court still would not be able to examine the religious rights of individual members of the Church or issue relief affecting individual members of the Church without participation by those individual members.  See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 430–31 (2006) (explaining that application of 42 U.S.C. § 2000bb-1(b) turns on "application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened.").  The Church therefore cannot assert claims based on the religious rights of individual members of the Church.  See Defs.' Mem. at 8–11.

**B.    The Church's and Mooney's claims would not be justiciable even if they could show that seeking an exemption from the DEA would be futile, and in any event the Church and Mooney have not adequately alleged that the DEA exemption process is deficient.**

The Church and Mooney's assertion that it would be futile to seek an administrative exemption from drug regulation also does not establish jurisdiction in this case, because even if the exemption process were inadequate, the Church and Mooney would still fail the jurisdictional requirements of standing and ripeness for the other independent reasons explained in the defendants' memorandum.  In any event, the Church and Mooney's bare assertion that it would

7

be futile to seek an exemption is not an adequate reason to excuse their failure to proceed through the DEA exemption process.

The defendants explained in section I.C of their memorandum that the plaintiffs' failure to apply for an exemption from DEA regulations provides additional reason to dismiss the Church's and Mooney's claims.  See Defs.' Mem. at 14–16.  Because the Church and Mooney have not sought an administrative exemption, they cannot satisfy the prudential component of the jurisdictional requirement of ripeness, which requires a plaintiff to show that withholding judicial consideration would impose an "immediate hardship."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126 (9th Cir. 2009); see also Thomas, 220 F.3d at 1141–42.  Even assuming that the Church and Mooney could refute this argument, it was only one of three independent reasons the Government presented for concluding that the Church's and Mooney's claims are not justiciable.  Even assuming the Church and Mooney could show that the DEA exemption process is not relevant to the prudential ripeness analysis, the Church and Mooney's complaint would still fail to satisfy the constitutional component of the ripeness requirement because it does not allege a genuine threat of imminent prosecution.  See Defs.' Mem. at 11–14; see also Thomas, 220 F.3d at 1138–39 (drawing a distinction between the constitutional component of ripeness and the prudential component of ripeness and explaining that the requirement of a genuine threat of imminent prosecution

reflects the constitutional component of ripeness).  And the Church would still lack standing to assert claims based on the religious rights of its members.  <u>See</u> Defs.' Mem. at 8–11.

Moreover, the Church and Mooney's allegation that the DEA has not yet granted any exemptions for marijuana use under its regulations is insufficient to support a claim that pursuing an exemption would be futile.  The absence of any history of similar exemptions for marijuana use does not suggest that an application for an exemption by the Church or Mooney would inevitably be denied.  <u>Cf.</u> <u>Fones4All Corp. v. FCC</u>, 550 F.3d 811, 818 (9th Cir. 2008) (rejecting a plaintiff's argument that because the FCC's past behavior suggested that the FCC would not agree with the plaintiff's position, the plaintiff should not be required to exhaust administrative remedies before seeking review in court).

### C.    Past decisions in which other courts proceeded to the merits do not support subject matter jurisdiction in this case.

The Church and Mooney assert that this Court must have subject matter jurisdiction in this case because courts exercised jurisdiction in two other cases involving claims under the Religious Freedom Restoration Act, <u>Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal</u>, 546 U.S. 418 (2006), and <u>Church of the Holy Light of the Queen v. Mukasey</u>, 615 F. Supp. 2d 1210 (D. Or. 2009).  But neither of these decisions addressed standing or ripeness issues, so neither carries any weight as precedent on whether jurisdiction is proper.  <u>See</u> <u>Burbank-Glendale-</u>

<u>Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1363 (9th Cir. 1998) (noting that a prior case in which another court proceeded to the merits without discussing standing does not amount to precedent on the issue of standing); <u>see also</u> <u>Marley v. United States</u>, 567 F.3d 1030, 1038 (9th Cir. 2009), <u>cert. denied</u>, 78 U.S.L.W. 3340 (U.S. Dec. 7, 2009) (No. 09-270); <u>Sakamoto v. Duty Free Shoppers, Ltd.</u>, 764 F.2d 1285, 1288 (1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

An earlier, unreported decision in <u>Church of the Holy Light of the Queen v. Mukasey</u>, No. CV 08-3095-PA, 2008 WL 5340151 (D. Or. Dec. 19, 2008), did examine standing and ripeness, but that case does not support the plaintiffs' position in this case, because the plaintiffs in <u>Church of the Holy Light of the Queen</u> alleged that federal authorities had arrested the spiritual leader of the plaintiff church and that a federal prosecutor had warned the spiritual leader to cease his activities and had personally threatened him with prosecution, telling him, "I'm going to come get you." <u>Id.</u> at *1–2.  In this case, by contrast, the Church and Mooney have not alleged any specific threat of future prosecution or other future law enforcement action.

In addition, the court in the <u>Church of the Holy Light of the Queen</u> case did not analyze the separate issue of whether the church in that case had standing to assert the rights of its members.  Rather, the Court simply assumed that all of the

plaintiffs were in the same position with respect to jurisdiction.[2] See id. at *2–3.

Thus, for the reasons the defendants explained above, the Church of the Holy Light of the Queen case does not carry even persuasive weight on the issue of whether the Church has standing to assert claims based on the religious rights of its members.

## II.   The Church and Mooney's complaint fails to state a claim for relief even when considered together with Mooney's affidavit.

### A.   The Church and Mooney's complaint, even augmented by Mooney's affidavit, still does not plausibly suggest that restrictions on marijuana use "substantially burden" religious exercise in a way that would support a RFRA claim.

The Church and Mooney's memorandum and Mooney's affidavit also do not present any new information that suggests that federal regulation substantially burdens any exercise of religion under the standards the Ninth Circuit established in Navajo Nation v. U.S. Forest Service, 535 F.3d 1058 (9th Cir. 2008) (en banc), cert. denied, 129 S. Ct. 2763 (2009). The court in Navajo Nation explained that Government action that merely diminishes a person's religious experience, but

---

[2] In Leonard v. Clark, 12 F.3d 885 (9th Cir. 1994), the Ninth Circuit stated that in a case involving multiple plaintiffs bringing similar claims, if the court concludes that at least one plaintiff has standing, it generally need not examine whether each of the remaining plaintiffs has standing. See id. at 888. However, this general principle does not always hold. In Leonard itself, the Ninth Circuit went on to conclude that the general principle did not apply and that claims brought by a union had to be analyzed separately from similar claims brought by its members. See id. at 888–89. Similarly, in this case, the Church's claims should be analyzed separately from Mooney's claims.

does not directly compel the person to act contrary to his religion, does not "substantially burden" religious exercise in a way that can support a claim under the Religious Freedom Restoration Act.  See Defs.' Mem. at 17–21.

Indeed, in circumstances similar to the circumstances alleged in the Church and Mooney's complaint, the Ninth Circuit recently dismissed a petition for review of a DEA order denying an application for an exemption to possess and distribute marijuana, finding that the petition failed to establish a prima facie case under RFRA.  Perkel v. Dep't of Justice, No. 08-74457, 2010 WL 331433 at *2–3 (9th Cir. Jan. 27, 2010) (unpublished opinion).  The court noted that "prohibiting marijuana would not coerce [the petitioner] or other church members to act contrary to their religious beliefs."  Id. at *3.  And it reiterated that "'diminishment of spiritual fulfillment' . . . '—serious though it may be—is not a "substantial burden" on the exercise of religion.'"  Id. at *3 (quoting Navajo Nation, 535 F.3d at 1070).

Thus, the Church's and Mooney's RFRA claims should be dismissed.

**B.     The Church and Mooney's memorandum does not contest dismissal of their claims under the First Amendment, the Fourteenth Amendment, or the American Indian Religious Freedom Act (AIRFA).**

The Church and Mooney's memorandum does not respond at all to the defendants' request to dismiss the plaintiffs' claims under the Free Exercise Clause of the First Amendment; the Equal Protection Clause of the Fourteenth

Amendment; the American Indian Religious Freedom Act (AIRFA), 42 U.S.C.

§ 1996; or the other federal statutes cited in the complaint.  The Court should

dismiss all of these claims for the reasons the defendants explained at length in

their memorandum.  <u>See</u> Defs.' Mem. at 21–27.[3]

## <u>CONCLUSION</u>

For the reasons above, the Court should dismiss all the claims of both

plaintiffs in this action.

Date: February 5, 2010                    Respectfully submitted,

                                          TONY WEST
                                          Assistant Attorney General

                                          FLORENCE T. NAKAKUNI
                                          United States Attorney

                                          DERRICK K. WATSON
                                          Assistant United States Attorney

                                          VINCENT M. GARVEY
                                          Deputy Branch Director

---

[3] After the filing of the defendants' motion to dismiss, one of the decisions cited in section II.B of the defendants' memorandum was vacated and superseded by a new opinion.  <u>See</u> Defs.' Mem. at 21–22 (citing <u>Stormans, Inc. v. Selecky</u>, 571 F.3d 960, 982, 984 (9th Cir.), <u>vacated and superseded</u>, 586 F.3d 1109 (9th Cir. 2009)). The new opinion reached the same ultimate holding and contains passages identical to the passages that the defendants relied on in their memorandum.  <u>See</u> <u>Stormans, Inc.</u>, 586 F.3d at 1131 (explaining that a law is neutral for purposes of the Free Exercise Clause if it does not "single out . . . the practice of any religion because of its religious content"); <u>id.</u> at 1134 (explaining that a law is generally applicable for purposes of the Free Exercise Clause if it is not "substantially underinclusive").

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants