IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY, | ) ) ) ) ) | CIVIL NO. 09-00336 SOM/BMK ORDER DENYING MOTION FOR CLARIFICATION OR RECONSIDERATION (DOCKET NO. 35) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ERIC H. HOLDER, JR., U.S. Attorney General; MICHELE LEONHART, Acting Administrator, U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR CLARIFICATION
OR RECONSIDERATION (DOCKET NO. 35)

On June 22, 2010, the court filed an order granting in part and denying in part Defendants' Motion to Dismiss. The court dismissed all claims, except for Plaintiffs' claim for the return of or compensation for the seized cannabis under the Religious Freedom Restoration Act of 1993. Defendants have moved for clarification or reconsideration of the part of the order that declined to dismiss the claim for the return of or compensation for the seized cannabis under the Religious Freedom Restoration Act of 1993. See Docket No. 35. That motion is denied.

Defendants initially argue that the First Amended Complaint does not assert a claim for the return of or compensation for the seized cannabis under the Religious Freedom Restoration Act of 1993. This court disagrees. Paragraph 50 of the First Amended Complaint alleges that about one pound of cannabis was seized by Defendants and demands compensation for or the return of the cannabis. Count 1, which asserts a violation of the Religious Freedom Restoration Act of 1993, incorporates by reference paragraph 50. See First Amended Complaint ¶ 54 (March 22, 2010).

Defendants next argue that, because the First Amended Complaint alleges that Mooney is the "Spiritual Leader" and founded Oklevueha "to espouse the virtues of, and to consume entheogens," psychoactive substances used in a religious, shamanic or spiritual contexts, see First Amended Complaint, Introduction, Plaintiffs are not truly exercising a religion. However, as noted previously, when faced with a motion to dismiss, the court assumes that all allegations of material fact are true and construes them in the light most favorable to the nonmoving party. See Oklevueha Native Am. Church of Haw., Inc., v. Holder, No. 09-00336, 2010 WL 649753, at *2 (D. Haw. Feb. 23, 2010). Thus, for purposes of the motion, the court has assumed that Plaintiffs were exercising religious beliefs and that Defendants seized cannabis intended for Oklevueha, as alleged in

the First Amended Complaint.  See, e.g., First Amended Complaint ¶¶ 35, 37, 38, 46, 47, 48, 49.  Defendants may, of course, raise this issue again on a different motion, such as a motion for summary judgment.

Defendants argue that, under Navajo Nation v. U.S. Forest Service, 535 F.3d 1058, 1063 (9th Cir. 2008) (en banc), their conduct did not violate Plaintiffs' Religious Freedom Restoration Act rights because an improper burden is imposed "only when individuals are forced to choose between following the tenets of their religion and receiving a government benefit . . . or coerced to act contrary to their religious beliefs by threat of civil or criminal sanctions."  See Motion at 25 (Apr. 8, 2010) (Docket No. 28).  With respect to the remaining claim for the return of or compensation for the seized cannabis, the First Amended Complaint sufficiently alleges such an improper burden. See First Amended Complaint ¶ 55.  Whether such a burden has, in fact, been imposed, is a matter to be determined on a fuller record.

To the extent Defendants now argue that the return of or compensation for the seized cannabis is not authorized by the Religious Freedom Restoration Act of 1993 and is barred by Defendants' sovereign immunity, those arguments must be made in a new motion and may not be raised for the first time on this motion for clarification or reconsideration.  The court does not

consider those issues to have been fairly raised in the earlier motion.  Nor does the court consider those arguments to have been waived.  Defendants may file another motion that properly raises these issues and puts Plaintiffs on notice of them.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 29, 2010.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

Oklevueha Native Am. Chuch v. Holder; Civil No. 09-00336 SOM/BMK; ORDER DENYING MOTION FOR CLARIFICATION OR RECONSIDERATION (DOCKET NO. 35)