TONY WEST
Assistant Attorney General
FLORENCE T. NAKAKUNI (No. 2286)
United States Attorney
DERRICK K. WATSON (Cal. Bar No. 154427)
Assistant United States Attorney

VINCENT M. GARVEY
Deputy Branch Director
JAMES C. LUH (N.Y. Bar)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC., MICHAEL REX "RAGING BEAR" MOONEY, <br><br> Plaintiffs <br><br> v. <br><br> ERIC H. HOLDER, JR., U.S. Attorney General; MICHELE LEONHART, Acting Administrator, U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | No. CV 09-00336 SOM-BMK <br><br> **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE** |

|  |  |
|---|---|
| Defendants | ) |
|  | ) |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the claims in the First Amended Complaint.

### SECOND DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs have not established that Defendants' actions substantially burden an exercise of religion.

### FOURTH DEFENSE

Defendants' actions are in furtherance of a compelling governmental interest and are the least restrictive means of furthering that compelling governmental interest.

### FIFTH DEFENSE

Defendants answer the numbered paragraphs of the plaintiffs' complaint as follows:

## **RESPONSE TO ALLEGATIONS IN THE COMPLAINT**

(Introduction.) The first and fifth sentences contain Plaintiffs' characterization of this lawsuit, not allegations of fact, so no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences.

1–2.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

3–4.  Admitted.

5–6.  Denied.

7.  This paragraph contains plaintiffs' characterization of this lawsuit and conclusions of law, not allegations of fact, so no response is required.

8.  Defendants admit that Defendants Eric H. Holder, Jr., and Michele Leonhart are officers and employees of the United States and its agencies. Defendants deny that Edward H. Kubo, Jr., is an officer and employee of the United States and its agencies. Defendants deny that at least one defendant officially resides in this district. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that all plaintiffs reside in this district. The rest of this paragraph contains plaintiffs' characterization of this lawsuit and conclusions of law, not allegations of fact, so no response is required.

9.  Admitted.

10–27.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

28.  This paragraph contains Plaintiffs' characterizations of issues in this lawsuit and conclusions of law, not allegations of fact, so no response is required.

29–38.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

39.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The second sentence contains plaintiffs' conclusion of law, not allegations of fact, so no response is required.

40–41.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

42.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence that the plaintiffs use peyote. The rest of the first sentence and the rest of the paragraph contain plaintiffs' characterizations of issues in this lawsuit and conclusions of law, not allegations of fact, so no response is required.

43–45.  These paragraphs contain plaintiffs' characterizations of issues in this lawsuit and conclusions of law, not allegations of fact, so no response is required.

46. The first sentence contains plaintiffs' characterizations of issues in this lawsuit and conclusions of law, not allegations of fact, so no response is required. Defendants admit the allegation in the second sentence that they have not issued an exemption for cannabis use by the plaintiffs and have refused to return seized cannabis to the plaintiffs; the second sentence otherwise contains plaintiffs' characterizations of fact, not allegations of fact, so no response is required. Defendants admit the allegation in the third sentence.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that plaintiffs consume, possess, cultivate and/or distribute cannabis as sanctioned and required by sincere religious beliefs. The rest of this paragraph contains plaintiffs' conclusions of law, not allegations of fact, so no response is required.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

49. Admitted.

50. Defendants admit the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence that the value of the cannabis was approximately $7,000. The rest of the second sentence contains plaintiffs' characterizations of this lawsuit, not allegations of fact, so no response is required.

51.     Defendants admit the allegation that Drug Enforcement Administration executed warrants on locations associated with the THC Ministry. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the reason plaintiffs filed suit was to prevent such action from affecting them. Defendants otherwise deny the allegations in the rest of this paragraph.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that NAC members fear stigmatization, imprisonment, or seizure of property and assets based on their marijuana-related activities. The rest of this paragraph contains plaintiffs' conclusions of law, not allegations of fact, so no response is required.

53.     This paragraph contains plaintiffs' conclusions of law, not allegations of fact, so no response is required.

54.     Defendants restate their responses to paragraphs 1 through 53.

55–56.   These paragraphs contain plaintiffs' characterizations of issues in this lawsuit and conclusions of law, not allegations of fact, so no response is required.

57–76.   These paragraphs pertain exclusively to causes of action that have been dismissed by the Court, so no response is required.

The remaining paragraphs contain plaintiffs' requests for relief, not allegations of fact, so no response is required. To the extent a response is deemed necessary, the defendants deny the allegations contained in these paragraphs and aver that the plaintiff is not entitled to any relief.

Any allegation not specifically addressed in the numbered paragraphs above is denied.

Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Date: July 6, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

FLORENCE T. NAKAKUNI
United States Attorney

DERRICK K. WATSON
Assistant United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938

Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants