IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY | ) ) ) ) ) | CIVIL NO. 09-00336 SOM/BMK<br><br>ORDER DISMISSING REMAINING CLAIMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ERIC H. HOLDER, JR., U.S. Attorney General; MICHELE LEONHART, Acting Administrator, U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>ORDER DISMISSING REMAINING CLAIMS</u>

I.      INTRODUCTION.

On July 22, 2009, Plaintiffs Michael Rex "Raging Bear" Mooney and the Oklevueha Native American Church of Hawaii, Inc., filed a Complaint for Declaratory Relief and for Preliminary and Permanent Injunction.  <u>See</u> ECF No. 1.  Plaintiffs alleged that cannabis is used in their religion and assert that their right to religious freedom is being infringed on by United States drug laws, specifically 21 U.S.C. § 841.  Plaintiffs alleged that Defendants seized cannabis that Plaintiffs had intended to use in connection with their religious activities.  Plaintiffs sought to enjoin Defendants from prosecuting Plaintiffs for cannabis-

related crimes, but did not seek the return of the seized cannabis.  Id.

Defendants were served with a copy of the Complaint in August 2009.  See Proof of Service, Oct. 13, 2009, ECF No. 9. Defendants do not dispute Plaintiffs' contention that Defendants seized cannabis belonging to Plaintiffs.  The Police Report for the incident indicates that the cannabis was "Recovered from FedEx security supervisor" on June 9, 2009, by officer J. Rilling, a law enforcement officer (possibly part of a joint federal and state drug task force).  Defendants say that the cannabis was routinely destroyed on or about September 15, 2009. See Honolulu Police Department Report No. 09-207-731, ECF No. 40-2 (indicating that the cannabis was destroyed and that the case was closed).  Nothing in the record suggests that Plaintiffs had requested the return of the seized cannabis before its destruction in September 2009.  To the contrary, Plaintiffs appear to have first requested the return of the seized cannabis on January 28, 2010.  See Affidavit of Michael Rex "Raging Bear" Mooney ¶ 13, Jan. 28, 2010, ECF No. 20.

On October 22, 2009, Defendants filed a motion to dismiss.  See ECF No. 12.  On February 23, 2010, this court granted that motion to dismiss, ruling that Plaintiffs' claims to enjoin the Government from prosecuting any cannabis-related crimes were not ripe.  The court gave Plaintiffs leave to file an

Amended Complaint by March 22, 2010.  See Order Dismissing Complaint, Feb. 23, 2010, ECF No. 25.

On March 22, 2010, Plaintiffs filed a First Amended Complaint.  The First Amended Complaint added a claim under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1(c), which authorizes the court to award "appropriate relief," for the return of the seized cannabis, or for monetary damages for Plaintiffs' loss of the seized cannabis.  See First Amended Complaint for Declaratory Relief and For Permanent Injunctive Relief, Mar. 22, 2010, ECF No. 26.

On April 8, 2010, Defendants moved to dismiss the First Amended Complaint.  See ECF No. 28.  The court granted that motion in part and denied it in part.  See ECF No. 34.  Because Plaintiffs had failed to show a genuine threat of imminent prosecution, the court dismissed Plaintiffs' preenforcement claims on ripeness grounds.[1]  Id.  The court also dismissed Plaintiffs' theft and conversion claims on sovereign immunity grounds, but declined to dismiss the claims arising out of the seized cannabis until those claims had been more fully briefed.  Id.

---

[1] To the extent Plaintiffs had argued that they might be prosecuted for the seized cannabis, the court's ruling is buttressed by the police report indicating that the cannabis was destroyed and that the police case was closed.  See ECF No. 40-2. Based on this report, it appears highly unlikely that Plaintiffs will be prosecuted for cannabis-related crimes arising out of the seized drugs that were destroyed.

On July 6, 2010, Defendants answered the First Amended Complaint.  See ECF No. 37.

On July 22, 2010, Defendants filed the present motion, seeking dismissal, or judgment on the pleadings, on the remaining claims pertaining to the seized cannabis.  That motion is granted.  To the extent the First Amended Complaint seeks the return of the seized cannabis, the relief requested is not something this court can order, as the cannabis was destroyed before Defendants had any reason to think that Plaintiffs wanted it back.  To the extent the First Amended Complaint seeks monetary damages or an order directing the Government to replace the destroyed cannabis, Defendants have sovereign immunity.

II.     THE REMAINING CLAIMS ARE DISMISSED.

The only claims remaining in this action arise out of Defendants' seizure of Plaintiffs' cannabis.  Under RFRA, Plaintiffs seek the return of the cannabis or compensation for their monetary loss.

To the extent Plaintiffs seek the return of or monetary compensation for the seized cannabis that has been destroyed, the claim is dismissed.  It is undisputed that Plaintiffs' cannabis was destroyed before Plaintiffs requested its return under RFRA.  Even if this court could order the Government to return seized cannabis under RFRA, this court cannot order the Government to return that which it does not have.  See Armendariz-Mata v.

United States Dep't Justice, Drug Enforcement Admin., 82 F.3d 679, 682 (5th Cir. 1996) (noting that destroyed property cannot be returned); Threatt v. Arredia, 2008 WL 762232 (W.D. Mich. Mar. 19, 2008) ("Plaintiff has filed a motion to produce property . . . . In the motion to produce, Plaintiff claims that his legal property was improperly confiscated and destroyed and he seeks the return of this property.  However, because the property has been destroyed, the relief he sought in this motion is impossible.  Therefore, the motion to produce property . . . is properly denied."); United States v. Redd, 2007 WL 4276408 (E.D. Va. Dec. 3, 2007) (noting that the Government cannot be ordered to return property that has already been destroyed).  Nor can this court order the Government to pay Plaintiffs monetary damages for the destroyed cannabis, as the Government has sovereign immunity with respect to such a claim.

        The United States, as a sovereign, is immune from suit unless it has waived its immunity.  See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quotation marks and citation omitted)).  In this case, Defendants Holder, Leonhart, and Nakakuni are sued only in their official capacities.  See First Amended Complaint ¶¶ 3-5.  As such, the claims against them are claims against the Government

for sovereign immunity purposes.  See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (1985).

This court "lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."  Balser v. Dep't of Justice, Office of the U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003); accord Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 n.7 ("A federal court lacks subject matter jurisdiction over an unconsented suit against the United States.").  Lack of subject matter jurisdiction may be raised at any time.  See Kuntz, 385 F.3d at 1183 n.7.

Although the Ninth Circuit has not ruled on the issue, the great weight of authority indicates that RFRA's provision allowing this court to award "appropriate relief" for violations of RFRA does not unambiguously waive the Government's sovereign immunity.  See Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1026 (D.C. Cir. 2006) ("RFRA does not waive the federal government's sovereign immunity for damages."); Jean-Pierre v. Bureau of Prisons, 2010 WL 3852338, *6 (W.D. Pa. July 30, 2010) ("RFRA does not waive the government's sovereign immunity as to suits for money damages."); Multi-Denominational Ministry of Cannabis and Rastafari, Inc. v. Mukasey, 2008 WL 914448, *3 (N.D. Cal. 2008) ("RFRA does not waive sovereign immunity and authorize lawsuits for money damages"); Keen v. Noble, 2007 WL 2789561, *8 (E.D. Cal. Sept. 20, 2007) (holding that RFRA's reference to

"appropriate relief" was not sufficient to waive the United State's sovereign immunity from damages), as amended by 2008 WL 268821 (Jan. 30, 2008); Gee v. Kempthorne, 2007 WL 317051, *2 (D. Idaho Jan. 30, 2007) (holding that monetary damage claims under RFRA are barred by sovereign immunity); Lepp v. Gonzales, 2005 WL 1867723, *8 (N.D. Cal. Aug. 2, 2005) ("The court agrees with federal defendants--and several other district courts that have considered the question--that RFRA does not waive the United States' sovereign immunity from claims for damages."); accord Bloch v. Thompson, 2007 WL 60930, *5 (E.D. Tex. Jan. 5, 2007); Mahoney v. U.S. Marshals Serv., 454 F. Supp. 2d 21, 38 (D.D.C. 2006); Bloch v. Samuels, 2006 WL 2239016, *7 (S.D. Tex. Aug. 3, 2006); Pineda-Morales v. De Rosa, 2005 WL 1607276, *12 (D.N.J. July 6, 2005); Ali v. Fed. Bureau of Prisons, 2005 WL 1079299, *2 (E.D. Ky. Apr. 26, 2005).  Because the court is persuaded by these cases, the court rules that Defendants have sovereign immunity with respect to Plaintiffs' monetary damage claims under RFRA.

The court is unpersuaded by Plaintiffs' citation of out-of-circuit cases involving the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Those cases interpreted identical "appropriate relief" language in RLUIPA as sufficient to waive the Government's sovereign immunity.  However, the Ninth Circuit has rejected those cases.  In Holley

v. California Department of Corrections, 599 F.3d 1108, 1112 (9th Cir. 2010), for example, the Ninth Circuit held that the RLUIPA's "appropriate relief" language did not unambiguously waive a state's sovereign immunity. Id. at 1112-13. The Ninth Circuit is therefore likely to construe RFRA's "appropriate relief" language as also insufficient to waive the Government's sovereign immunity.

Finally, this court is unpersuaded by Plaintiff's argument that, under RFRA, this court may require the Government to obtain substitute cannabis and provide the substitute cannabis to Plaintiffs in lieu of the cannabis that was destroyed. Plaintiffs represented to the court at the hearing that the Government has a ready supply of cannabis from which substitute cannabis may be obtained. This court disagrees. Although cannabis may be fungible for some purposes, see, e.g., Gonzales v. Raich, 545 U.S. 1, 40 (2005), it is equally clear that not all cannabis is the same. It may be that certain parts of the cannabis plant are of a higher quality than other parts of the same plant, or that cannabis from certain regions may be more or less potent or desirable than cannabis from elsewhere. Even assuming that the Government has a ready supply of cannabis, the court is not clear how it could order the Government to provide an equivalent substitute cannabis in this case as it appears that the seized cannabis was routinely destroyed. Even if the

cannabis been weighed before it was destroyed, the differences in potency and desirability of various cannabis would make awarding substitute cannabis unfeasible, especially when it does not appear that the Government tested the cannabis before it was destroyed.

At the hearing on this matter, Plaintiffs stated that they are not asking the Government to go out and purchase substitute cannabis.  Such relief would be barred by the Government's sovereign immunity in any event, as it would be providing monetary damages in disguise.  Just as the court cannot order the Government to pay monetary damages under RFRA, the court cannot order the Government to purchase substitute cannabis.  To hold otherwise would allow a plaintiff to get around the sovereign immunity bar by simply requesting that the Government pay for items instead of providing direct money damages.

III.     CONCLUSION.

For the foregoing reasons, the court dismisses the remaining claim for the return of or compensation for the cannabis allegedly seized last year.  Because there are no claims remaining for adjudication, the Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 26, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Oklevueha Native Am. Chuch v. Holder; Civil No. 09-00336 SOM/BMK; ORDER DISMISSING REMAINING CLAIMS