IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC., ET AL.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ERIC H. HOLDER, JR., ET AL.,<br><br>            Defendants. | Civ. No. 09-00336 SOM-BMK<br><br>DISCOVERY ORDER |

## DISCOVERY ORDER

Before the Court are the parties' letter briefs dated April 15, 2013, in which the Government seeks answers to interrogatories and production of documents by Plaintiffs. The Court addressed these issues at a discovery conference on May 10, 2013. This Discovery Order follows the oral ruling provided by the Court at that hearing.

The Government has served 12 Interrogatories and 19 Requests for Document Production on Plaintiffs Oklevueha Native American Church of Hawaii, Inc. and Michael Rex Mooney. Mooney is the sole proprietor of the Church and invoked the Fifth Amendment privilege against self-incrimination in response to

the Interrogatories.  Although Mooney produced some documents to the Government, it argues that the discovery responses are inadequate.

After Chief District Judge Susan Oki Mollway dismissed most of the claims in the First Amended Complaint, the only remaining claim in this case is Plaintiffs' assertion that the Government violated the Religious Freedom Restoration Act (RFRA) with respect to their claimed use of cannabis in the exercise of their religion.  Plaintiffs seek declaratory and injunctive relief.

The RFRA "prohibits the Federal Government from substantially burdening a person's exercise of religion, unless the Government 'demonstrates that application of the burden to the person' represents the least restrictive means of advancing a compelling interest."  Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 423-24 (2006) (citation omitted).  Under the RFRA, unless the Government satisfies a "compelling interest test," "the Federal Government may not, as a statutory matter, substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'"  Id.  (citation omitted).

In the Ninth Circuit, "[t]o establish a prima facie RFRA claim, a plaintiff must present evidence sufficient to allow a trier of fact rationally to find" that the activities the plaintiff claims are burdened by Government action are an

"<u>exercise of religion</u>" and that the Government action "<u>substantially burdens</u>" the plaintiff's exercise of religion.  <u>Navajo Nation v. United States Forest Serv.</u>, 535 F.3d 1058, 1068 (9th Cir. 2008) (en banc) (emphases added).  The en banc court described a "substantial burden" as follows:

> Under RFRA, a "substantial burden" is imposed only when <u>individuals are forced to choose between following the tenets of their religion</u> and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions . . . .  Any burden imposed on the exercise of religion short of that . . . is not a "substantial burden" within the meaning of RFRA, and does not require the application of the compelling interest test.

<u>Id.</u> at 1069-70 (emphasis added).

If the plaintiff cannot prove that its activities are an "exercise of religion" or that the Government action "substantially burdens" that exercise of religion, the RFRA claim fails.  <u>Id.</u> at 1068.  "Conversely, should the plaintiff establish a substantial burden on his exercise of religion, the burden of persuasion shifts to the government to prove that the challenged government action is in furtherance of a 'compelling governmental interest' and is implemented by 'the least restrictive means.'"  <u>Id.</u> (citation omitted).  "If the government cannot so prove, the court must find a RFRA violation."  <u>Id.</u>

3

In deciding whether the discovery sought by the Government is relevant to its defense of this claim, the Court must determine whether the discovery is relevant to whether Plaintiffs' activities are an "exercise of religion," whether the Government's actions "substantially burden" that exercise of religion, and whether the Government's conduct is in "furtherance of a 'compelling governmental interest' and is implemented by 'the least restrictive means.'"

Regarding the Government's Requests for Document Production, at the discovery conference, Plaintiffs' counsel stated on the record that all responsive documents have been produced, except for those that are privileged and one other document: Michael Rex Mooney's State of Hawaii Department of Public Safety Narcotics Enforcement Division Medical Marijuana Registry Patient Identification Certificate. As stated at the conference, the Court ORDERS Plaintiffs to copy and produce this document.

With respect to the Government's Interrogatories, the Court finds that only Interrogatory No. 2 is relevant to and necessary for the Government to defend against Plaintiffs' RFRA claim. Interrogatory No. 2 seeks information that goes to the heart of whether Plaintiffs' use of cannabis is an "exercise of religion." The remaining Interrogatories concern matters such as: Mooney's affiliation with other organizations (Nos. 1 and 6), membership and leadership of the Church (Nos. 3-5,

11), how Plaintiffs obtain cannabis (Nos. 7-8), Plaintiffs' financial records (Nos. 9-10), and who assisted in answering the Interrogatories (No. 12).

In sum, the Court ORDERS Plaintiffs to copy and produce Mooney's State of Hawaii Department of Public Safety Narcotics Enforcement Division Medical Marijuana Registry Patient Identification Certificate.  The Court also ORDERS Plaintiffs to respond to Interrogatory No. 2.  Plaintiffs need not respond to the other Interrogatories.

Any appeal of this Discovery Order shall be filed in accordance with Local Rule 74.1.

DATED:  Honolulu, Hawaii, May 14, 2013.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Oklevueha Native American Church of Hawaii, Inc., et al. v. Holder, et al., Civ. No. 09-00336 SOM-BMK; DISCOVERY ORDER.

5