IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC.; MICHAEL REX "RAGING BEAR" MOONEY | ) ) ) ) | CIVIL NO. 09-00336 SOM/BMK ORDER AFFIRMING IN PART AND REVERSING IN PART DISCOVERY ORDER CONCERNING INTERROGATORIES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| ERIC H. HOLDER, JR., U.S. Attorney General; MICHELE LEONHART, Acting Administrator, U.S. Drug Enforcement Administration; FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER AFFIRMING IN PART AND REVERSING IN PART
DISCOVERY ORDER CONCERNING INTERROGATORIES**

I.      **INTRODUCTION.**

In the only claim remaining before this court, Plaintiffs Michael Rex "Raging Bear" Mooney and the Oklevueha Native American Church of Hawaii, Inc., assert that their right to religious freedom is being infringed on by federal drug laws, specifically 21 U.S.C. § 841.  Plaintiffs claim that marijuana (or, as they say, "cannabis") is a central part of their religion and that they fear prosecution for using cannabis in connection with their religious beliefs.

Early in this case, the court warned Mooney that his efforts to prevent prosecution under federal drug laws would

likely incriminate himself and open him to the very prosecution
he was hoping to avoid.  Mooney indicated that he understood the
implications of this case.  Mooney's attorney indicated that
there would be discovery and that all the evidence concerning the
religious use of cannabis and the substantial burden on that use
would come out at trial.  Nevertheless, when Defendants served
interrogatories on Plaintiffs seeking relevant information
concerning whether the Controlled Substances Act substantially
burdens Plaintiffs' genuine religious beliefs, Plaintiffs
responded by asserting a Fifth Amendment privilege against self-
incrimination.  The Magistrate Judge assigned to this case
resolved this discovery dispute by ruling that Plaintiffs had to
answer the second interrogatory, but did not have to answer any
other interrogatory.  Defendants appealed.  This court now
affirms in part and reverses in part.

II.        **FACTUAL BACKGROUND.**

        On July 22, 2009, Mooney and Oklevueha filed the
original Complaint in this matter.  In relevant part, the
original Complaint sought relief under the Religious Freedom
Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1(b).
Plaintiffs asked this court enjoin the federal Government from
enforcing the Controlled Substances Act with respect to their
religious use of cannabis.  See ECF No. 1.

In connection with a motion to dismiss that Complaint, the court raised concerns about the position Mooney was placing himself in by filing this action:

> So I'm going to start by checking with
> Mr. Mooney.  You know, I have a lot of
> concerns about this case, and they're
> concerns about the position you're putting
> yourself in.  So in a civil case like the one
> you've brought, you're going to have to
> follow the civil procedure rules.  Mr. Glenn
> [, Mooney's attorney,] knows all about this.
> And they include maybe having to answer
> written interrogatories under oath.  They
> include your having to give testimony at a
> deposition possibly under penalty of perjury.
> And to support the claims that you have
> brought, you may have to give statements that
> will incriminate you and possibly expose you
> to criminal charges.  Those criminal charges
> can mean that, you know, you face a federal
> indictment here, and you may then, if
> convicted, face a prison term.  You know, it
> could be three years, four years longer.  And
> so I'm really concerned that you bring a
> civil suit that kind of forces you to
> incriminate yourself and take on the real
> possibility  -- I mean, its kind of begging
> for an indictment.  So I'm really concerned
> about that.

Transcript of Proceedings of February 22, 2010, at 2-3, ECF No. 27.  Mooney responded by indicating that he understood and was aware of the possibility of being prosecuted.  Id. at 5.

The court nevertheless stressed to Mooney that, although he might have been thinking that he was going to avoid being criminally prosecuted by bringing this civil action, the court was concerned that Mooney might be guaranteeing an indictment by going forward with this case.  Mooney responded by

3

telling the court that he was fully aware of that. Id. at 7 and 9.

   Mooney's attorney then told the court:

   We would rather sue in civil court, putting
   our butts on the line, saying, Yes, we use
   [cannabis] as a sacrament . . . , than live
   in fear of having all cannabis shipments
   seized and DEA agents knocking at your door
   and arresting you in the middle of the night
   because they don't like your sacrament.

Id. at 18.

   Mooney's attorney stated:

   We're here for a trial.  All the evidence
   that Your Honor needs about how much
   cannabis, when, where, that's going to come
   out at trial.  There will be discovery.
   There will be evidence.  All the evidence
   Your Honor needs about his religion and
   religious practices and how it's
   substantially burdened by the enforcement of
   the Controlled Substances Act against him,
   that will come out at trial.

Id. at 29.

   Notwithstanding this acknowledgment that the Government
would be entitled to discovery and that all of the facts would
come out at trial, when the Government sought relevant discovery
concerning the alleged substantial infringement on Mooney's and
Oklevueha's religious practices from 2003 to present (unless
otherwise stated), Plaintiffs refused to answer, citing Fifth
Amendment concerns.  See Defendants' First Set of Interrogatories
to Plaintiffs (dated February 6, 2013), ECF No., 107-1, and
Plaintiffs' Answers to Defendants' First Set of Interrogatories

4

(dated March 28, 2012), ECF No. 107-2.  After briefing regarding this discovery dispute, see ECF Nos. 107-3 and 107-4, the Magistrate Judge ordered Mooney and Oklevueha to answer only interrogatory number 2.  See ECF No. 103.  This appeal followed. See ECF No. 107.

III.    **STANDARD**.

        Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a Magistrate Judge's order regarding any pretrial matter (except those motions delineated in Local Rule 72.4(a)) when that order is "clearly erroneous or contrary to law."  See also Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

IV.    **ANALYSIS**.

        The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  This "Fifth Amendment privilege against compulsory

5

self-incrimination protects an individual from compelled
production of his personal papers and effects as well as
compelled oral testimony." Bellis v. United States, 417 U.S. 85,
87 (1974).  The Fifth Amendment only proscribes self-
incrimination by a genuine compulsion of testimony.  It does not
apply to a competent person's voluntary testimony.  See United
States v. Washington, 431 U.S. 181, 187 (1977).

Although the text of the Fifth Amendment's prohibition
against self-incrimination appears to be limited to the criminal
context, "the Fifth Amendment's protections have been deemed to
apply to civil proceedings." Doe ex rel. Rudy-Glanzer v.
Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000).  In the civil
context, "the invocation of the privilege is limited to those
circumstances in which the person invoking the privilege
reasonably believes that his disclosures could be used in a
criminal prosecution, or could lead to other evidence that could
be used in that manner." Id.  "The only way the privilege can be
asserted is on a question-by-question basis, and thus as to each
question asked, the party has to decide whether or not to raise
his Fifth Amendment right." Id.

The Magistrate Judge ordered Mooney and Oklevueha to
answer Interrogatory No. 2, but not Interrogatory Nos. 1 and 3 to
11.  See ECF No. 103.  Rule 33(a)(2) of the Federal Rules of
Civil Procedure states that an "interrogatory may relate to any

6

matter that may be inquired into under Rule 26(b)."  Rule 26(b),

in turn, states, "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or

defense. . . .  Relevant information need not be admissible at

the trial if the discovery appears to be reasonably calculated to

lead to the discovery of admissible evidence."  The Magistrate

Judge determined that only Interrogatory No. 2 sought relevant

information.  <u>See</u> ECF No. 103 at 4-5.  This determination was

clearly erroneous.

The remaining claim in this case is Plaintiffs' claim

that, under RFRA, the Government may not enforce the Controlled

Substances Act with respect to Plaintiffs' alleged religious use

of cannabis.  To establish a prima facie RFRA claim, "a plaintiff

must present evidence sufficient to allow a trier of fact

rationally to find" that the activities the plaintiff claims are

burdened by Government action are an "exercise of religion" and

that the Government action "substantially burdens" the

plaintiff's exercise of religion.  <u>Navajo Nation v. United States</u>

<u>Forest Serv.</u>, 535 F.3d 1058, 1068 (9th Cir. 2008) (en banc).  The

en banc court described a "substantial burden" as follows:

> Under RFRA, a "substantial burden" is imposed
> only when individuals are forced to choose
> between following the tenets of their
> religion and receiving a governmental benefit
> . . . or coerced to act contrary to their
> religious beliefs by the threat of civil or
> criminal sanctions . . . .  Any burden
> imposed on the exercise of religion short of

> that . . . is not a "substantial burden"
> within the meaning of RFRA, and does not
> require the application of the compelling
> interest test . . . .

Id. at 1069-70.  The court therefore examines the interrogatories

for relevance with respect to Plaintiffs' alleged exercise of

religion and the Government's substantial burden on that

exercise, determining that each interrogatory seeks relevant

discovery.

The court begins by distinguishing between Oklevueha,

as an entity, and Mooney, as an individual.  Oklevueha has not

established any right to assert a Fifth Amendment privilege under

the circumstances presented here.  The Ninth Circuit has

recognized that the Fifth Amendment privilege against self-

incrimination is a personal one that cannot be claimed by

corporate officers on behalf of a corporation.  See Admiral Ins.

Co. v. U.S. Dist. Court for the Dist. of Ariz., 881 F.2d 1486,

1495 n.8 (9th Cir. 1989).  Of course, a corporation may be the

beneficiary of a corporate employee's personal invocation of a

Fifth Amendment privilege.  Id.  While a sole proprietor or sole

practitioner may be able to assert a Fifth Amendment privilege

concerning business records, an agent of a collective entity like

a corporation cannot rely on the Fifth Amendment privilege to

avoid producing the entity's records that the individual may be

holding in his or her representative capacity, even though the

records might incriminate the individual personally.  Bellis, 417

8

U.S. at 88.  In other words, "the privilege against compulsory self-incrimination should be limited to its historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records." Id. (quotation marks and citations omitted).  The First Amended Complaint alleges that Oklevueha is "registered as a State of Hawaii Nonprofit Corporation."  See ECF No. 26, ¶ 9.  As a corporation, Oklevueha fails to demonstrate any entitlement to a Fifth Amendment privilege against self-incrimination.

The court recognizes that Plaintiffs' letter brief, ECF No. 107-4 at PageID # 943, states that Mooney is the sole proprietor of Oklevueha.  However, consistent with the First Amended Complaint, the Business Registration Division of Hawaii's Department of Commerce & Consumer Affairs indicates that the Native American Church of Hawai`i Inc., the new name of Oklevueha, is a domestic nonprofit corporation, not a sole proprietorship.  See http://hbe.ehawaii.gov/documents/business.html?fileNumber=224965D2&view=info (last visited June 25, 2013).  That same registration identifies as Oklevueha's officers Mooney as "P/CEO/MIN," Mary Jane A. Mooney and Naomi M. Mooney as "D," and Kaliko Lehua Kanaele, Michael Makhtar Meacke' Hammond, and Kahu Terangi Ruwhiu as "D/MIN."  Id.  Without an explanation as to why Oklevueha is not a corporation as alleged in the First Amended Complaint, Oklevueha fails to show any

entitlement to assert a Fifth Amendment privilege against self-incrimination.

Turning to Mooney's individual situation, the court notes that, when there is no possibility of a criminal prosecution (such as when a statute of limitation has run for a crime), a person can have no reasonable belief that disclosures could be used in a criminal prosecution.  Accordingly, a person may not invoke the Fifth Amendment in such a situation.  See Earp v. Cullen, 623 F.3d 1065, 1071 (9th Cir. 2010).  Here, Defendants seek responses to interrogatories for the period from January 1, 2003, to present, unless otherwise indicated.  See ECF No. 107-1 at PageID # 912.  Mooney does not show that, to the extent any interrogatory seeks discovery relating to any potential crime for which Mooney cannot now be prosecuted, he reasonably believes that any response could be used against him in a criminal proceeding or lead to other evidence that could be used in that manner.  Under those circumstances, Mooney may not invoke the Fifth Amendment with respect to matters outside the applicable limitation period.  Mooney must therefore answer all interrogatories to the extent they pertain to events outside the limitation period.  If Mooney continues to assert a Fifth Amendment privilege with respect to any matter within the limitation period, he must first state the limitation period he claims applies, then count back from the date of his amended

discovery response and answer the interrogatories with respect to the period outside that limitation period.

### A.    Interrogatory No. 1.

Interrogatory No. 1 seeks discovery concerning Mooney's involvement with other religious organizations.  Mooney's involvement with other religious organizations may go to the genuineness of his claimed religious use of cannabis and the alleged substantial burden on that use.  The requested discovery also appears reasonably calculated to lead to the discovery of admissible evidence because the answers to the interrogatory will allow the Government to interview persons who might be witnesses at trial.  Accordingly, the Magistrate Judge clearly erred in determining that the information was not relevant.

Oklevueha must answer Interrogatory No. 1 fully, without regard to any statute of limitation.  Thus, to the extent Oklevueha can answer the interrogatory based on its business records, it must do so.  For example, if Oklevueha paid for Mooney to travel to attend a conference by one of the organizations in question or if it paid Mooney's dues, it must answer the interrogatory based on those records.  Oklevueha may, of course, respond to the interrogatory through a corporate officer other than Mooney.

With respect to Mooney, except to the extent Mooney may have been a part of another organization and held a position that

included supplying, distributing, or possessing cannabis (or engaging in other allegedly criminal activity) within the applicable limitation period, the court cannot fathom how answering Interrogatory No. 1 implicates Mooney's personal Fifth Amendment rights.  Mooney must answer Interrogatory No. 1, except with respect to any involvement by Mooney in what could be considered criminal activity (for example, by revealing that he supplied, distributed, or possessed cannabis) during the relevant limitation period.  Any information outside the limitation period, even if revealing possibly criminal activity, must be provided.  The court reminds Mooney that, as stated earlier in this order, his response must identify what he claims the limitation period is.

### B.   Interrogatory Nos. 3, 4, 5, and 11.

Interrogatory Nos. 3, 4, 5, and 11 seek discovery concerning the membership and leadership of Oklevueha.  No Fifth Amendment right is implicated by these questions.  Because information concerning the membership and leadership of Oklevueha appears reasonably calculated to lead to discovery of admissible evidence concerning the genuineness of Plaintiffs' religious beliefs and whether the Controlled Substances Act is a substantial burden on those beliefs, the court orders Plaintiffs to answer these interrogatories.

12

### C.    Interrogatory No. 6.

Interrogatory No. 6 seeks two things.  To the extent it asks Mooney to identify every religious organization known to him that is using cannabis in its religious beliefs and practices, that request is overbroad and not necessarily relevant to any claim or defense in this case.  However, to the extent it seeks information concerning Mooney's and/or Oklevueha's connection with any such religious organization, Interrogatory No. 6 seeks relevant information.  Oklevueha is ordered to answer Interrogatory No. 6 in full.  Mooney is ordered to state the limitation period and then to respond with respect to matters outside the limitation period (including possibly criminal matters) and to matters within the limitation period that do not go to anything even potentially criminal.

### D.    Interrogatory Nos. 7 and 8.

Interrogatories Nos. 7 and 8 seek information concerning Plaintiffs' use of cannabis.  Oklevueha must answer in full.  With respect to information outside the statute of limitation for which Mooney could not be personally prosecuted, Mooney must answer the interrogatories because they seek relevant information for which there is no Fifth Amendment privilege.  To the extent the interrogatories seek discovery of information within the limitation period that might be used against Mooney in a criminal prosecution, he may assert a Fifth Amendment privilege

13

and withhold that information after identifying the limitation
period.

### E.    Interrogatory Nos. 9 and 10.

Interrogatory Nos. 9 and 10 seek information concerning
Oklevueha's financial records.  As discussed above, Oklevueha has
no Fifth Amendment right to prevent disclosure of those records.
The records are relevant to the scope of any injunction, as well
as to the genuineness of the alleged religious belief at issue
and the burden placed on that belief by the Controlled Substances
Act.  Oklevueha must therefore answer Interrogatory Nos. 9 and
10.  Mooney himself has no valid Fifth Amendment privilege with
respect to Oklevueha's corporate records.

### VI.    CONCLUSION.

The court affirms the discovery order in part and
reverses in part.  Plaintiffs must answer the interrogatories as
described above.

To the extent Mooney may continue to assert a Fifth
Amendment privilege, there may well be adverse consequences to
him.  As this court previously warned Mooney, he may well have to
incriminate himself if he is to be successfully in obtaining an
order enjoining the Government from prosecuting him for his
religious use of cannabis.  That is, to win on their RFRA claim,
Mooney and Oklevueha will have to describe their use of cannabis
and explain how the Controlled Substances Act substantially
infringes on that religious use.  This is not a criminal case, in
which a defendant has a burden of proof only if the defendant

opts to assert a defense that he has the burden of proving. In a civil case, the burden of proof always begins by being something the plaintiff must satisfy.

Mooney's assertion of a Fifth Amendment privilege with respect to interrogatories raises several issues that he should consider. At trial, the court is unlikely to allow Mooney to testify and then, in response to Government questioning, assert his Fifth Amendment privilege against self-incrimination. Any such invocation of Fifth Amendment rights may well lead to the striking of direct testimony to preserve fundamental fairness and the integrity of the court system. See, e.g., United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 640-41 (9th Cir. 2012). The invocation of Fifth Amendment rights at trial might also lead to an adverse inference of some kind. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) ("the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"). Similarly, Mooney's choice to assert a Fifth Amendment privilege in response to discovery requests may ultimately prevent him from introducing related evidence at

trial, complicating his ability to succeed on his claim.  These are matters that are brought to the forefront by the present appeal but that need not be decided here.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Oklevueha Native Am. Church of Hawaii, et al. v. Holder, et al.; Civil No. 09-00336 SOM/BMK; ORDER AFFIRMING IN PART AND REVERSING IN PART DISCOVERY ORDER CONCERNING INTERROGATORIES