STUART F. DELERY
Acting Assistant Attorney General
FLORENCE T. NAKAKUNI (No. 2286)
United States Attorney
THOMAS A. HELPER (No. 5676)
Assistant United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director
JAMES C. LUH (N.Y. Bar)
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| OKLEVUEHA NATIVE AMERICAN CHURCH OF HAWAII, INC., and MICHAEL REX "RAGING BEAR" MOONEY, <br><br>          Plaintiffs, <br><br> v. <br><br> ERIC H. HOLDER, JR., U.S. Attorney General; MICHELE LEONHART, Administrator, U.S. Drug Enforcement Administration; and FLORENCE T. NAKAKUNI, U.S. Attorney for the District of Hawaii, | No. CV 09-00336 SOM-BMK <br> **DEFENDANTS' MOTION TO CONTINUE TRIAL DATE AND MODIFY SCHEDULE; CERTIFICATE OF SERVICE** |

|                                         |   |
|-----------------------------------------|---|
|                                         | ) |
| Defendants.                             | ) |
|                                         | ) |

In light of the Court's June 26, 2013 ruling compelling the plaintiffs to provide additional answers to the defendants' interrogatories and the delay caused by the plaintiffs' initial refusal to answer those interrogatories, defendants hereby request that the Court (1) set a specific deadline for the plaintiffs to serve their answers to the defendants' interrogatories; (2) continue the trial date currently set for November 20, 2013 until March 20, 2014 or later; and (3) shift future deadlines for discovery, dispositive motions, and pretrial matters accordingly. The defendants have worked hard to meet the pretrial and trial schedule originally set by the Court so that this case could be resolved expeditiously, but the delays caused by this discovery dispute have prevented the defendants from obtaining discovery from the plaintiffs in an orderly manner, and the defendants now must seek further modification of the schedule.

This case is before this Court on remand from the Court of Appeals. In a December 31, 2012, ruling on the defendants' renewed motion to dismiss, Oklevueha Native Am. Church of Haw., Inc. v. Holder, Civil No. 09-00336 SOM/BMK, 2012 WL 6738532 (D. Haw. Dec. 31, 2012), this Court held that Plaintiffs Michael Rex "Raging Bear" Mooney and Oklevueha Native American Church of Hawaii, Inc. may proceed with one claim: a request for an injunction

under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb to 2000bb-4, that would bar the Federal Government from taking any law enforcement action against the plaintiffs in connection with their purported religious use of cannabis.

On January 24, 2013, the Court entered an Amended Rule 16 Scheduling Order, ECF No. 92, establishing a dispositive motions deadline of May 1, a discovery cutoff of September 13, and a trial date of November 14, 2013 (later reset to November 20). Promptly after the entry of the scheduling order, on February 6, 2013, the defendants served their initial written discovery requests, consisting of 12 interrogatories and 19 requests for production.

The plaintiffs did not serve discovery responses on the due date of March 11, 2013, and also did not contact the defendants to request additional time. The defendants made numerous attempts to follow up with the plaintiffs' counsel between March 11 and March 28, but the plaintiffs still did not serve responses. Finally, on March 28, the defendants filed a motion to postpone the upcoming deadlines for expert disclosures and dispositive motions based on the lateness of the plaintiffs' responses. Defs.' Mot. to Amend Scheduling Order, ECF No. 94. After the defendants filed that motion, the plaintiffs finally served discovery responses on the defendants, seventeen days late.

The defendants noted major deficiencies in the plaintiffs' discovery responses. Among other things, the plaintiffs improperly asserted the Fifth

Amendment privilege against self-incrimination in response to nearly all of the defendants' interrogatories. Also, the plaintiffs' responses to the requests for production appeared to be incomplete, as they did not include certain documents that were mentioned in the amended complaint or required to be maintained under Hawaii law, and the plaintiffs did not indicate whether they had produced all responsive documents. The defendants attempted to resolve these disputes with the plaintiffs directly, without success. Ultimately, the defendants had to seek expedited discovery assistance from the Court. The parties submitted letter briefs on April 15, 2013.

At a discovery conference on May 10, Judge Kurren ordered the plaintiffs to answer the defendants' Interrogatory No. 2 but denied the defendants' request to compel answers to ten other interrogatories. Judge Kurren also granted the defendants' request to reset the deadlines for expert disclosures and dispositive motions, setting those deadlines for June 28, 2013, and July 31, 2013, respectively. See Disc. Order, ECF No. 103; EO, ECF No. 105.

Defendants appealed Judge Kurren's ruling promptly. See Defs.' Statement of Appeal from Magistrate Judge Ruling, ECF No. 107. This Court's June 26, 2013 order reversed Judge Kurren's ruling in part, finding that the plaintiffs' invocations of the Fifth Amendment privilege were improper and directing the plaintiffs to

serve proper answers to the interrogatories. Order Affirming in Part and Reversing in Part Disc. Order Concerning Interrogs., ECF No. 113.

To reduce the possibility of further delays, the defendants ask that the Court fix a specific date for the plaintiffs to serve answers to the defendants' interrogatories in accordance with the Court's June 26 order. The defendants propose a deadline of July 26, 2013.

Also, in light of the Court's June 26, 2013 order, the defendants request that the Court shift the schedule for further proceedings—including the dispositive motions deadline, discovery cutoff, and trial date—forward so that the defendants are not prejudiced by the plaintiffs' initial improper invocation of the Fifth Amendment privilege. The defendants request that the dispositive motion deadline be shifted so that the defendants have an adequate opportunity to obtain information from the plaintiffs before filing a dispositive motion. The defendants had planned to have the plaintiffs' answers to interrogatories in hand before taking the plaintiffs' depositions, and had planned to take the plaintiffs' depositions before filing a dispositive motion. While such a sequence would have been possible under the original schedule set by the Court if the plaintiffs had timely and properly responded to the defendants' discovery requests, the delays caused by the

plaintiffs' improper discovery responses have made that sequence impossible under the current schedule.[1]

The defendants request that the discovery cutoff be shifted to ensure that the defendants have time to pursue further discovery, including depositions of the plaintiffs and third-party discovery, after receiving the plaintiffs' answers to interrogatories.[2] Each of the undersigned attorneys for defendants has multiple litigation deadlines in August and September, including (in the case of attorney Brad Rosenberg) multiple dispositive motions deadlines, and (in the case of attorney James Luh) a trial set for September 23. Accordingly, the delays caused by the plaintiffs' failure to properly respond to discovery have made it extremely difficult to complete effective discovery by the present discovery cutoff of September 13.

---

[1] Prior to the Court's June 26 ruling, the defendants noticed depositions of the plaintiffs for July 8 and July 9. Defendants noticed depositions for these dates because they did not know at the time when the Court would rule on the defendants' appeal, or how it would rule, and were attempting to complete depositions before the July 31 dispositive motion deadline based on the state of affairs under Judge Kurren's May 10 ruling.  In light of the Court's June 26 ruling, the parties have agreed to continue the depositions and reschedule them for a future date.

[2] As the Court noted in its June 26 ruling, the plaintiffs' answers to interrogatories may suggest further avenues for discovery. Order 11 (noting that answers to Interrogatory No. 1 will "allow the Government to interview persons who might be witnesses at trial").

Accordingly, defendants request that the Court continue the trial date currently set in this case for November 20, 2013, to a date to be determined by the Court after March 20, 2014, and to shift the remaining deadlines in the present scheduling order accordingly. Both Mr. Luh and Mr. Rosenberg are available for a trial on any date after March 20.

The defendants discussed this request with the plaintiffs by telephone and email on June 28, 2013, and July 1, 2013. The plaintiffs indicated that they might be willing to discuss modifications to the pretrial and trial schedule after they have served further answers to the defendants' interrogatories, but the plaintiffs are not prepared to agree to such modifications at the moment. In light of the impending dispositive motions deadline, the complexity of the discovery remaining in this case, the uncertainty of when the plaintiffs will serve their further answers, and the litigation schedules of defendants' counsel, the defendants are seeking relief from the Court now rather than waiting to see whether the parties may be able to reach agreement on these issues at a later date.

Date: July 1, 2013                                  Respectfully submitted,

                                                    STUART F. DELERY
                                                    Acting Assistant Attorney General

                                                    FLORENCE T. NAKAKUNI
                                                    United States Attorney

                                                    THOMAS A. HELPER

       Assistant United States Attorney

       ANTHONY J. COPPOLINO
       Deputy Branch Director

       /s/ JAMES C. LUH
       JAMES C. LUH
       BRAD P. ROSENBERG
       Trial Attorneys
       United States Department of Justice
       Civil Division, Federal Programs Branch
       20 Massachusetts Ave NW
       Washington DC 20530
       Tel: (202) 514-4938
       Fax: (202) 616-8460
       E-mail: James.Luh@usdoj.gov
       Attorneys for Defendants